FILED

MAGGIE CONNERS
5857 ERNEST AVE
LOS ANGELES CA 90034
(213) 910- 4112

2016 OCT 18 PM 1: 13

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

MAGGIE CONNERS, IN PRO PER

DD

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

**CV16-07748-VBF(DFM)**

MAGGIE CONNERS,
                    Plaintiff,
          vs.
DAVID TJARKS, DAVID PRICE, KRISTA
HAYENS, COUNTY OF LOS ANGELES;
DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, MARIA RODRIGUEZ.
                    Defendant.

No. NF012336

**COMPLAINT FOR; CIVILS RIGHTS LIABILITY
TITLE 42 U.S.C. § 1983, DEPRIVATION OF
RIGHTS UNDER COLOR OF LAW TITLE 18
U.S.C. § 242
CONSIRACY AGAINST RIGHTS 18 U.S.C. § 241**

Judge
Department

COMES NOW, MAGGIE CONNERS, Plaintiff, pro se and for this cause of action states the following;

1.  The Plaintiff, MAGGIE M. CONNERS, comes now to address the accusations placed against her by her oppressors which are listed above as Defendants; David Tjarks and his attorney David M. Price along with the conspiracy of her Attorney Kristna Hayens and Court Appointed Monitor Maria Rodriguez and the Department of Children and Family Services.

2.  That the Plaintiff MAGGIE CONNERS is the NATURAL BORN MOTHER of JAISEN CONNERS, residing at 5857 Ernest Avenue, Los Angeles CA 90034; which is also JAISEN CONNERS habitual residence.

3.  DEFENDANTS are as listed;

      a.  DAVID TJARKS

      b.  DAVID PRICE

      c.  KRISTA HAYENS

      d.  MARIA RODRIGUEZ

      e.  DEPARTMENT OF CHILDREN AND FAMILY SERVICES

1

DOCUMENT TITLE (E.G. COMPLAINT FOR DAMAGES)

4. This court has jurisdiction under 28 U.S.C. 133.

5. The courts venue is proper pursuant to 28 U.S.C. 1391. Los Angeles division og the Central District of California.

## THE RESPONDENTS RELATIONSHIP WITH THE PETITIONER

6. MAGGIE M. CONNERS, is a minority citizen of the United States of California Republic.

7. MAGGIE CONNERS is a victim of oppression and with the obligations of poverty and lack of education, CONNERS solicited her body for intimate favors in exchange to received material possessions.

8. Defendant, David Tjarks, developed a sexual relationship in exchange for material support. Rather if it was purchasing hygiene products, clothing for MAGGIE and/or JAISEN, food, money or other personal needs, the respondent would engage into sexual activity requested by Mr. Tjarks to receive payment of goods for the services performed.

## THE RESPONDENTS RECOVERY TO A STABLE AND RESPECTFUL FUTURE

9. Since early 2015, the respondent has been in recovery from her past lifestyle of prostitution. Miss. CONNERS decided to pursue a higher level of education to obtain a decent job in society. Starting the 2nd day of September 2015 CONNERS registered into Los Angeles Trade Technical Community College.

10. Upon enrollment, CONNERS was provided information pertaining to services for Child Care offered through the government educational institution enrollment forms to place the minor in a Head Start Program while she attends class being the fact Mr. Tjarks unlawfully obtained custody of the minor.

11. CONNERS wished her son would still attend the school she specially selected for the minor to attend, but Mr. Tjarks has failed to perform the natural birth mother's request.

2

12. Since this court case has come into existence, CONNERS, was not able to complete her enrollment for Crystal Stairs which would provide the victim with resources and financial benefits to support her child.

**THE DEFENDANTS INTENT TO BLACKMAIL**

13. Blackmail is a criminal offense in which a party, who has obtained information about a victim, demands or receives "money or any other valuable thing" as a consequence for not informing third parties about the information in question. Blackmail is considered a federal crime and can be punishable by either fines or imprisonment depending upon the specifics of the case. The victim does not need to be a federal office-holder in order for blackmail to be prosecuted at the federal level. U.S. law could refer to the source of the United States Code (U.S.C.), in particular Title 18, Section 873 of that compilation of U.S. laws, which holds that "Whoever, under a threat of informing, or as a consideration for not informing, against any violation of any law of the United States, demands or receives any money or other valuable thing, shall be fined under this title or imprisoned not more than one year, or both."

**Title 18 of the U.S. Code, Section 241 – Conspiracy against Rights**

14. If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured, They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

3

15. Cal Pen Code § 646.9 Stalking. (2008); Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family is guilty of the crime of stalking, punishable by imprisonment in a county jail for not more than one year, or by a fine of not more than one thousand dollars ($1,000), or by both that fine and imprisonment, or by imprisonment in the state prison.  (b) Any person who violates subdivision (a) when there is a temporary restraining order, injunction, or any other court order in effect prohibiting the behavior described in subdivision (a) against the same party, shall be punished by imprisonment in the state prison for two, three, or four years.

16. Mr. Tjarks continues to stalk the respondent. When Mr. Tjarks obtains contact information on Miss.CONNERS he creates false profiles of her on various escort website.

17. Miss. CONNERS states, "It's hurting me mentally andspiritually being away from my child. I have suffered so many losses, but this is by far unexplainable.'

18. The defendant, David Tjarks, sought out to place a claim on the minor and allegations against the minors natural mother with malicious intent to cause mental stress on MAGGIE M. CONNERS With little knowledge of CONNERS private life, the petitioner took the initiative to dig up information he could use against the native blood relatives of the minor, MAGGIE M. CONNERS and JANIE G. BURNS, in the court of law. Although this is public information, neither citizen gave Mr. Tjarks the consent to retrieve personal information or records.

19. . Neither party was granted reasonable opportunity to clear all charges asserted towards each of them. Mr. Tjarks continues to check the respondent's social media accounts to gather details to oppress the respondent and other parties with good faith and interest to provide care for the ward. The respondent believes that Mr. Tjarks and his attorney David M. Price along with Krista Hayens are committing acts of prejudice based on personal knowledge not facts.

4

**PERJURY**

20. Sec. 37.02. PERJURY. (a) A person commits an offense if, with intent to deceive and with knowledge of the statement's meaning: (1) he makes a false statement under oath or swears to the truth of a false statement previously made and the statement is required or authorized by law to be made under oath; or (2) he makes a false unsworn declaration under Chapter 132, Civil Practice and Remedies Code. (b) An offense under this section is a Class A misdemeanor.

21. The respondent was overwhelmed with the demands of the SUPERIOR COURT OF THE STATE OF CALIFORNIA. Although the respondent has lack of legal knowledge and experience in the practices of law, she attempted to honor the courts orders pertaining to the exchange of the minor at a local police department which enabled the petitioner visitation to the natural mother's native offspring. CONNERS did not have reasonable opportunity to address her accusers David Tjarks and his attorney David M. Price.

22. Mr. Tjarks intentionally ignored text messages from CONNERS during the times she was at the station to perform the exchange of the ward. Mr. Tjarks had full reasonable knowledge if Miss CONNERS was late or did not show to the station to exchange the minor, he would then have temporary custody of the ward until the next court hearing scheduled on the courts calendar.

Date: October 18, 2016

MAGGIE CONNER IN PRO PER

5

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

( Warrantless Entry committed by DCFS. )

*insert title of cause of action*

(As against Defendant(s): DAVID TJARKS, COUNTY OF LOS ANGELES, DCFS )

6. Department of children Family Services had and has not found that Natural Mother MAGGIE CONNERS (Plantiff) as au unfit parent. Neverless, DCFS with the County of Los Angeles PD violated the Plantiffs and Childs 14th Amendment right.

7. DCFS and the County of Co.S Angeles, violated Maggie and Jaisens comers 14th Amendment right by invading the Plantiffs home without a warrant. If a court issues a warrant based on an anonymous tip the warrant will not stand a Judicial challenge.

8. Referring to white v. Pierce County, that it was settled constitutional law, that, absent exigent circumstances, police could not enter a dwelling w/out a warrant even under statutory authority. Any reasonable official should be aware of their unrestricted right to enter peoples home at will.

Pro Se Clinic Form                              *Page Number*

## SECOND CAUSE OF ACTION

( Violation of Plantiff 14th Amendment )

*insert title of cause of action*

(As against Defendant(s): DAVID TJARKS, COUNTY OF LOS ANGELES, DCFS )

9. DCFS; the goverment interest should be in the welfare of the child, not only protecting the child from physical abuse but also their right, privacy and dignity of their homes and inlawfully excercizing authority of their parents.

10. According to 436 U.S. 658 the Supreme Court held the governing bodies can be sued under the Civil Rights Act of 1871 42 U.S.C. 1983, gives Maggie Conners to allege an unconstotional act that was violated by an offical causing a tort.

11. On or Befor October 2016, Maria Douglas failed as a madated reporter to inform the Natural Mother Maggie Conners about the incadent causing Jaisen Conners to have 3 stitches on his right eye caused by David. Tjarks. while Jaisen Conners wac in his precence.

Pro Se Clinic Form

*Page Number*

## THIRD CAUSE OF ACTION

Termination of Parent-Child Relationship.

*insert title of cause of action*

(As against Defendant(s): DAVID TJARKS , COUNTY OF LOS ANGELES, DCFS

12. The Court may order termination of the parent child relationship pursuant to V.S.C. Title 5 chapter 161 if the court finds by clear and convincing evidence that the Relationship is ordered terminated between David Tjarks and Plantiffs biological Mother Jaisen Conners.

13 David Tjarks willfully and knowledgeably caused injury to Plantiff, and Jaisen Conner. According to USC Title 5 161. by keeping Jaisen Conners absent from the childs habitual residence without consent from Plantiff, constitute the action to terminate the parent child relationship

14 V.S.C Title 5:161.05 constitutes the termination of rights between Jaisen Conners and David Tjarks off Prior information entere by state court proving David Tjarks is not Jaisen Conners genetic father.

→ between Jaisen & David

13 under false misleading apperantly fabricated in CA willfully false facts made by DT in bad faith alleged

$

Pro Se Clinic Form                                      *Page Number*

## FOURTH CAUSE OF ACTION

( Family Rights )

*insert title of cause of action*

(As against Defendant(s): DAVID TJARKS, COUNTY OF LOS ANGELES, DCFS )

15. The state may not interfere in child rearing decisions when a fit parent is available. (Troxel v. Granville). Jaisen conners is constutionally protected in the interest of companship of his parent. (ward v. San Jose)

16. children have a constutional right to live with their parents without goverment interference. (Brokaw v. Mercer County), state employee who witholds a child from his family may infringe on the familys liberty. (Murphy v. Morgan)

17. The private, fundamental liberty interest involved in retaining custody of ones child and the integrity of ones familys is of the greatest importance. (Weller v. Dept of Social Servics for Baltimore)

Pro Se Clinic Form

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

18 Termination of the Parent - Child relationship according to U.S.C Title 5 Chapter 161 - 161.05, with Defendant David Tanks and Jaisen Conner that was originally & injunction of all the Court orders & agreement claims alleged

19 Violation of Plantiffs Fourteenth Amendment 42 U.S.C. 1983. of deprivation of rights under Color of Law. Civil Rights

David Tanks for the safety & best interest of Jaisen.

20 Violation of the Civil Rights Act of 1871 42 U.S.C 1983. and Intentional of emotional distress.

Defendant Require rity to return false Custody his habitual residence, SS81 Conner W/ his had mother family.

21 Request of liability against County of Los Angeles for establishing and/or policies procedures and/or practices that were, maing force behind the violation of Plantiffs Constitutional rights.

10

*Page Number*

Pro Se Clinic Form

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: 10/17/16

Sign:

Print Name: MAGGIE CONNERS

Plaintiff in pro per



*Page Number*

Pro Se Clinic Form

Exhibits



**CERTIFICATION OF VITAL RECORD**

## COUNTY OF LOS ANGELES • REGISTRAR–RECORDER/COUNTY CLERK

### CERTIFICATE OF LIVE BIRTH
### STATE OF CALIFORNIA
### USE BLACK INK ONLY

**1201219069274**

STATE FILE NUMBER — LOCAL REGISTRATION NUMBER

| | | | |
|---|---|---|---|
| **1A NAME OF CHILD - FIRST** | **1B MIDDLE** | **1C LAST** | |
| JAISEN | ANTONIO MAURICE | CONNERS | |

| **2 SEX** | **3A THIS BIRTH SINGLE, TWIN ETC** | **3B IF MULTIPLE, THIS CHILD 1ST, 2ND ETC** | **4A DATE OF BIRTH - MM/DD/CCYY** | **4B HOUR - 24 HOUR CLOCK TIME** |
|---|---|---|---|---|
| MALE | SINGLE | - | 08/08/2012 | 1500 |

| **5A PLACE OF BIRTH NAME OF HOSPITAL OR FACILITY** | **5B STREET ADDRESS - STREET AND NUMBER OR LOCATION** |
|---|---|
| CENTINELA HOSPITAL MED. CNTR. | 555 E. HARDY ST. |

| **5C CITY** | **5D COUNTY** |
|---|---|
| INGLEWOOD | LOS ANGELES |

| **6A NAME OF FATHER/PARENT FIRST** | **6B MIDDLE** | **6C LAST** | **7 BIRTHPLACE STATE COUNTRY** | **8 DATE OF BIRTH MM/DD/CCYY** |
|---|---|---|---|---|
| - | - | - | - | - |

| **9A NAME OF MOTHER/PARENT FIRST** | **9B MIDDLE** | **9C LAST BIRTH NAME** | **10 BIRTHPLACE STATE COUNTRY** | **11 DATE OF BIRTH MM/DD/CCYY** |
|---|---|---|---|---|
| MAGGIE | MELBA | CONNERS | CA | 12/29/1989 |

| I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | **12A PARENT OR OTHER INFORMANT - SIGNATURE** maggie Conners | **12B RELATIONSHIP TO CHILD** MOTHER | **12C DATE SIGNED MM/DD/CCYY** 08/09/2012 |
|---|---|---|---|
| I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR AND PLACE STATED | **13A ATTENDANT/CERTIFIER - SIGNATURE AND DEGREE OR TITLE** Patricia Herrera, Birth Clerk | **13B LICENSE NUMBER** G044217 | **13C DATE SIGNED MM/DD/CCYY** 08/09/2012 |

| **13D TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT** | **14 TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT** |
|---|---|
| K N S ABAGWU, MD, 1210 S. INGLEWOOD AV, INGLEWOOD | PATRICIA HERRERA, BIRTH CLERK |

| **15A DATE OF DEATH MM/DD/CCYY** | **15B STATE FILE NO STATE USE ONLY** | **16 LOCAL REGISTRAR - SIGNATURE** JONATHAN E FIELDING, MD | **17 DATE ACCEPTED FOR REGISTRATION MM/DD/CCYY** 08/21/2012 |
|---|---|---|---|

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.



**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

JUL 09 2013

*002298570*



This copy not valid unless prepared on engraved border displaying the Seal and Signature of the Registrar-Recorder/County Clerk.

**ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE**

# Kidjacked

## To seize control of a child, by use of force

… » legal » case_law.asp    MY.KIDJACKED.COM    POSTING GUIDELINES    BOOKMARK

## Parental Rights in Case Law

### Protect your children — Know your rights!

*If a government agency has involved itself into your family, you are not alone. Many families have been under attack in recent years. It is imperative that you know what rights you have under the protection of the law. Be sure to share these cases with your attorney.*

Over half a million children are in foster care or some other kind of out of home placement today. Do these children all really need to be there?

Parenting rights are God given. They are also protected by the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

In **Troxel v. Granville**, 99-138 [U.S. 06/05/2000 U.S. Supreme Court, November 1999], the Supreme Court ruled,

[49] The **Fourteenth Amendment** provides that no State shall "deprive any person of life, liberty, or property, without due process of law." We have long recognized that the Amendment's Due Process Clause, like its Fifth Amendment counterpart, "guarantees more than fair process." **Washington v. Glucksberg**, 521 U. S. 702, 719 (1997). The Clause also includes a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests." Id., at 720; see also **Reno v. Flores**, 507 U. S. 292, 301-302 (1993).

[50] The liberty interest at issue in this case -- the interest of parents in the care, custody, and control of their children -- is perhaps the oldest of the fundamental liberty interests recognized by this Court. More than 75 years ago, in **Meyer v. Nebraska**, 262 U. S. 390, 399, 401 (1923), we held that the "liberty" protected by the Due Process Clause includes the right of parents to "establish a home and bring up children" and "to control the education of their own."

Two years later, in **Pierce v. Society of Sisters**, 268 U. S. 510, 534-535 (1925), we again held that the "liberty of parents and guardians" includes the right "to direct the upbringing and education of children under their control."

We explained in Pierce that "[t]he child is not the mere creature of the State; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations." Id., at 535. We returned to the subject in **Prince v. Massachusetts**, 321 U. S. 158 (1944), and again confirmed that there is a constitutional dimension to the right of



### Kids For Money

**Valuable Information You Need to Fight CPS and Win!**

**Warning! The Truth About Child Protective Services by author Don Lyons**
*Visit Kids For Money!*

**Additional Information**

**Parental Rights and the Law**
**Case Law for Families**
**What Happened?**
**Law for Kids**

parents to direct the upbringing of their children. "It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." Id., at 166.

...There is a presumption that fit parents act in their children's best interests, **Parham v. J. R.**, 442 U. S. 584, 602; there is normally no reason for the State to inject itself into the private realm of the family to further question fit parents' ability to make the best decisions regarding their children, see, e.g., **Reno v. Flores**, 507 U. S. 292, 304.

**Delaware Cases**
**Gatekeeping Authorities**
**Parental Rights (UK)**
**Parental Rights (HSLDA)**
**Termination of Parental Rights**

LAW.
Dictionary

[                    ]

**Look It Up!**

...This primary role of the parents in the upbringing of their children is now established beyond debate as an enduring American tradition"); **Quilloin v. Walcott**, 434 U. S. 246, 255 (1978) ("We have recognized on numerous occasions that the relationship between parent and child is constitutionally protected"); Parham v. J. R., 442 U. S. 584, 602 (1979) ("Our jurisprudence historically has reflected Western civilization concepts of the family as a unit with broad parental authority over minor children. Our cases have consistently followed that course"); **Santosky v. Kramer**, 455 U. S. 745, 753 (1982) (discussing "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child"); Glucksberg, supra, at 720 ("In a long line of cases, we have held that, in addition to the specific freedoms protected by the Bill of Rights, the 'liberty' specially protected by the Due Process Clause includes the righ[t] ... to direct the education and upbringing of one's children" (citing Meyer and Pierce).

In light of this extensive precedent, it cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children.

---

## Additional Cases

### In the Matter of J.M.G. Superior Court of New Jersey (July 16, 2009)

**The Superior Court of New Jersey** upheld the decision that a woman who refused an unnecessary cesarean at St. Barnabas Hospital, which boasts a 49.3 percent cesarean rate, will not receive custody of her daughter. The judge claims the Superior Court of New Jersey's decision is not based on the defendant's refusal of a cesarean, but on "other substantial additional evidence of abuse and neglect that supported the ultimate findings." See also...

- **New Jersey Cesarean Refusal Case: The 'System' is Schizophrenic**
- **Refusal of Unnecesarean Leads to Loss of Custody: V's Story**

### In the Matter of B.M.B Kansas Supreme Court (March 13, 1998)

In the most significant **Miranda or interrogation case** from the state supreme court in many years, the Kansas High Court, in a unanimous decision, dramatically and drastically changes Kansas custodial juvenile interrogation law.

For the first time, the court adopts a bright-line rule that anyone under the age of 14 must be given

an opportunity to consult with his or her attorney or their parent or guardian whether the juvenile will waive his or her rights to an attorney and to remain silent. Both the parent and the juvenile must be advised of the juvenile's Fifth and Sixth Amendment rights. Otherwise, no statement or confession from the juvenile can be used. [See **IN THE MATTER OF B.M.B., Appellant. 264 Kan. 417 (955 P2d 1302)**]

### Civic Case causing loss of children, when criminal charges should be filed.

Boyd v. U.S.

In preparing the appeal, I came across an old court case, Boyd v. United States from the late 1880's. I think it has application for many families facing child abuse allegations. Boyd addresses cases in which criminal charges are not sought, and instead a civil suit is filed, on equivalent charges, for the express purpose of seizing, or causing persons to forfeit property (chattel : kids), etc., by depriving the defendant of the constitutional rights they would have been entitled to if a criminal complaint had been filed.

I think DHSS and CPS does it almost everytime that way. I really haven't noticed anyone challenging juvenile dependency and false abuse allegations on the grounds asserted in Boyd. It was precisely right on point. Zingy quotes too. It was surprising how applicable the Boyd ruling is to juvenile dependency proceedings nearly 120 years later. Between Boyd and Crawford v. Washington, a creative attorney could really go to town. Cite: **BOYD v. U S, 116 U.S. 616 (1886)**

### State v. T.L.C.

A Tennessee Court of Appeals vacated and remanded the trial court's termination of a father's parental rights and concluded that the trial court's finding that the child was in all reasonable probability subject to abuse or neglect by the father was against the great weight of the evidence. Cite: **No. M2003-00509-COA-R3-JV, 2003 Tenn. App. LEXIS 848 (Tenn. Ct. App. Dec. 3, 2003)**

### In re Muir

A Tennessee Court of Appeals vacated and remanded the trial court's order denying the petition of a biological mother and her new husband seeking to terminate the parental rights of the biological father. The trial court had previously held that the biological mother and new husband had not established by clear and convincing evidence that the biological father had abandoned the child. However, the appellate court held that it was required to vacate and remand because the trial court's order because the trial court failed to make the specific findings of fact and conclusions of law as required by Tenn. Code Ann. § 36-1-113(k). Cite: **No. M2002-02963-COA-R3-CV, 2003 Tenn. App. LEXIS 831 (Tenn. App. Nov. 25, 2003)**

### In re Amanda B.

A Court of Appeals of Oregon reversed a lower court's decision terminating a mother's parental rights , finding that the State failed to carry its burden of demonstrating that the mother was an unfit parent. Under a relevant State statute, the appellate court did not find persuasive evidence of unfitness when considering the mother's mental health at the time of the trial because the mother had been sober for 380 days and she had substantially met all the requirements of the service agreement she entered to result in reunification of her children. Cite: **Nos. J000777 & J000778,**

**2003 WL 22810312 (Or. Ct. App. Nov. 26, 2003)**

## The National Center for Adoption Law & Policy

The **National Center for Adoption** provides a weekly case summary archive with many more cases that parents involved in a legal battle may find useful to their individual case.

---

## Termination of Parental Rights Cases

### U.S. 8th Circuit Court of Appeals

Hinsley v. Standing Rock Child Protective Servs., No. 07-1435
In an action brought under the Federal Tort Claims Act (FTCA) alleging that defendant-agency negligently placed her half-brother in her home without warning her that he was a child molester, resulting in the sexual abuse of plaintiff's daughter, summary judgment for defendant is affirmed where the challenged conduct fell within the discretionary function exception to the FTCA.
Cite: **No. 07-1435, (U.S. Ct. App. Feb. 5, 2008)**

### Supreme Court of Texas

In the Interest of D.N.C., No. 07-0621
Petitions for review of a court of appeals ruling reversing a parental rights termination order on factual insufficiency grounds, and reversing a conservatorship appointment, are denied where: 1) the only available statutory mechanism for the Department of Family and Protective Services's appointment was as a consequence of the termination pursuant to Tex. Fam. Code section 161.207; and 2) thus, In the Interest of J.A.J., ___ S.W.3d ___ (Tex. 2007) does not apply, and mother's challenge to the conservatorship appointment was subsumed in her appeal of the parental-rights termination order.
Cite: **No. 07-0621, (TX Supreme Ct. Feb. 8, 2008)**

### Supreme Court of Texas

In re Angel L., No. B198541
Order terminating parental rights in minor is reversed based on postjudgment events since all parties have expressed a willingness to stipulate to reversal of the judgment terminating parental rights.
Cite: **No. B198541, 2007 CK20818 (CA Super. Ct. April 12, 2007)**

### California Appellate Districts

In re G.S.R., No. B197000
Order terminating parental rights is reversed where the juvenile court made no finding based on clear and convincing evidence that the father is unfit, and the court improperly terminated parental rights based on father's poverty. Moreover the court should determine whether the Indian Child Welfare Act applies.
Cite: **No. B197000, 2008 JD01255 (CA Ct. App. Jan. 8, 2008)**

### *Appeals of Orders of Termination*

Everett v. Everett
A North Carolina Court of Appeals reversed the trial court's order which relieved the State social services agency from facilitating reunification efforts between the minor children and their biological father. The appellate court held that such reunification efforts could not be terminated because the record did not show the efforts were futile.
Cite: **No. COA03-316, 2003 WL 22844441 (N.C. Ct. App. Dec. 2, 2003)**

### *When Termination Is Not Required* - **re: adoption**

In some unusual cases, a child may be adopted without any voluntary or involuntary termination of the parental rights of the biological parents.

In a 1985 case in Alaska, the parents of the child wished to retain their parental rights and also allow a third person to adopt the child. The three individuals had shared parental duties. The court decided to allow the adoption, and the child then had three lawful parents, rather than two.

*Updated: July 11, 2009*

| | | |
|---|---|---|
| PO Box 1306,<br>Twain Harte, CA 95383 | Kidjacked © 2016<br>Last Updated: 6/24/2012 | **Contact: Webmaster** |

Hosted & Designed by:




# Kidjacked

## To seize control of a child, by use of force

...u » legal » handbook.asp   MY.KIDJACKED.COM   POSTING GUIDELINES   BOOKMARK

## Child Protective Services And The Juvenile Justice System

*A guide to protect the constitutional rights of both parents and children.*

In 1998, 589 children died nationwide, while living in foster care. (Adoption and Foster Care Analysis and Reporting System (AFCARS) FY 2006)



**<<  Intro  1   2   3   4   5   6   7   8   9   10   11   12   Conclusion  [Print]  >>**

## Section 10

### Seizures (Child Removals)

Police officers or social workers may not "pick up" a child without an investigation or court order, absent an emergency.

Parental consent is required to take children for medical exams, or an overriding order from the court after parents have been heard. *Wallis v. Spencer, (9th Cir 1999)*

Child removals are "seizures" under the Fourth Amendment. Seizure is unconstitutional without court order or exigent circumstances. Court order obtained based on knowingly false information violates Fourth Amendment. *Brokaw v. Mercer County, (7th Cir. 2000)*

The defendant should have investigated further prior to ordering seizure of children based on information he had overheard. *Hurlman v. rice, (2nd Cir. 1991)*

Police officer and social worker may not conduct a warrantless search or seizure in a suspected abuse case absent exigent circumstances. Defendants must have reason to believe that life or limb is in immediate jeopardy and that the intrusion is reasonably necessary to alleviate the threat. Searches and seizures in investigation of a child neglect or child abuse case at a home are governed by the same principles as other searches and seizures at a home. *Good v. Dauphin County Social Services, (3rd Cir. 1989)*

Defendants could not lawfully seize child without a warrant or the existence of probable cause to believe child was in imminent danger of harm. Where police were not informed of any abuse of the child prior to arriving at caretaker's home and found no evidence of abuse while there, seizure of the child was not objectively reasonable and violated the clearly established Fourth Amendment rights of the child. *Wooley v. City of Baton Rouge, (5th Cir. 2000)*

For purposes of the Fourth Amendment, a "seizure" of a person is a situation in which a reasonable person would feel that he is not free to leave, and also either actually yields to a show of authority from police or social workers or is physically touched by police. Persons may not be "seized" without a court order or being placed under arrest. _California v. Hodari, 499 U.S. 621 (1991)_

Where the standard for a seizure or search is probable cause, then there must be particularized information with respect to a specific person. This requirement cannot be undercut or avoided simply by pointing to the fact that coincidentally there exists probable cause to arrest or to search or to seize another person or to search a place where the person may happen to be. _Ybarra v. Illinois, 44 U.S. 85 (1979)_

An officer who obtains a warrant through material false statements, which result in an unconstitutional seizure, may be held liable personally for his actions under § 1983. Aponte Matos v. Toledo Davilla, 1st Cir. 1998)



The case for foster care reform...

For additional copies or questions,
please e-mail us at **Thomas Dutkiewicz** or **Aimee Dutkiewicz**

**<<**   **Intro**   **1**   **2**   **3**   **4**   **5**   **6**   **7**   **8**   **9**   **10**   **11**   **12**   **Conclusion**   **[Print]**   **>>**

PO Box 1306,
Twain Harte, CA 95383

Kidjacked © 2016
Last Updated: 7/19/2013

**Contact: Webmaster**

Hosted & Designed by:



**PHILIP L. BROWNING**
**DIRECTOR**

## County of Los Angeles
### Department of Children and Family Services

425 Shatto Place, Los Angeles, CA 90020
(213) 351-5602

DEPARTMENT OF JUSTICE COMMAND CENTER

### CRIMINAL HISTORY CLETS REQUEST

**PURPOSE:** A CLETS name check will be used to provide
Criminal history information to DCFS, pursuant to Welfare and Institutions Code section 16504.5

| CSW Name | CSW File # | | CSW Phone # |
|---|---|---|---|
| Ann Rosato | C343 | | (213) 639-4500 |
| SCSW Name | SCSW Signature | | |
| ERCP ON DUTY SCSW | | | |
| Minor's Name | Case/State # | | |
| | 0275248 | | |
| SUBJECT (Indicate all available information) | | | |
| *Last Name | *First Name | | Middle Name |
| Tjarks | David | | |
| Social Security Number | Driver's License #/State | | *Date of Birth/Place of Birth |
| | | | 09/07/1965 |
| Last Name (AKA) | First Name (AKA) | | Middle Name (AKA) |
| | | | |

| DCFS OFFICE NAME | ADDRESS | | Return Fax # | Return Phone # |
|---|---|---|---|---|
| Command Post | 1933 S. Broadway Los Angeles, CA 90007 | | (213) 742-7069 | (213) 765-7318 |
| Live Scan Technician Print Name: | | | Date: | |
| | | | 12/7/2015 11:36:15AM | |

DCFS 5600-

*"To Enrich Lives Through Effective and Caring Service"*

THE RESPONSE PROVIDED IS BASED ON INFORMATION SUBMITTED.
FOR POSITIVE IDENTIFICATION, PLEASE SUBMIT FINGERPRINTS.

STATE OF CALIFORNIA        REQUESTED FOR: A0135
DEPARTMENT OF JUSTICE      ATTN: DCFS
BUREAU OF CRIMINAL         REQUESTED BY: CA0349415  MNEMONIC: SP2
IDENTIFICATION             DATE:20151207    TIME: 11:02:49  PAGE: 001

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      CRIMINAL HISTORY TRANSCRIPT      FOR OFFICIAL USE ONLY
            *UNAUTHORIZED USE IS A CRIMINAL OFFENSE*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

** PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE E-MAIL
PALM.PRINT@DOJ.CA.GOV
** III CALIFORNIA ONLY SOURCE RECORD
CII NUMBER  DOB    SEX   RACE   HGT WGT EYE HAIR POB
A30569409 19650907  M  WHITE      508 155 BRO BRO  CA

NAMES
 001 TJARKS,DAVID A        002 TJARKS,DAVID ALFRED


FBI NUMBER
 102666FD1

CALIFORNIA DMV NUMBERS
 C1858193

SOCIAL SECURITY NUMBERS
 546630778

MISCELLANEOUS DESCRIPTORS
 CON 95022381

OCCUPATIONS
 SELF EMPLOY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
 DATE    AGENCY/FILE NUMBER   NAME COUNT    ACTION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPLICANT
 19901221 CASDBUREAU OF REAL ESTATE 001  001 APPLICANT LICENSE CERT OR
                   PERMIT
      SACRAMENTO
      01098235
               COM:
               UPA01311341A0075    00981462


               20050228 -NO LONGER INTERESTED

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARREST/DETAINED/CITED     DOB:19650907

20091015  CAPDLA SEVENTY SEVEN     002  001 647(B) PC-DISORDERLY
                      CONDUCT:PROSTITUTION

       2095539-33048621

                      ARRESTED BY:
                      CAPD LA MEDIA RELATNS SECT

              ADR:
              20091015 (3344,MONTROSE AV, ,
              LA CRESENTA,CA, ,)

              COM:
              PHOTO AVAILABLE

              SCN:
              L56C2880021

COURT ACTION
20091016  CASCLOS ANGELES METRO     002  001 647(B) PC-DISORDERLY
                      CONDUCT:PROSTITUTION

       9CA11184-01

                      -PROCEEDINGS SUSPENDED
                      DIVERSION

COURT ACTION
20101018  CASCLOS ANGELES METRO     002  001 647(B) PC-DISORDERLY
                      CONDUCT:PROSTITUTION

       9CA11184-01

                      -DIVERSION TERM
                      SUCCESSFUL/DISM

End Of Rapsheet.

WILSHIRE DETS.          Fax 12134730453          Dec  8 2015 02:21am  P026/053

## CONTINUATION SHEET

Los Angeles Police Department

| PAGE NO. 2/3 | TYPE OF REPORT Child Abuse | | | | BOOKING NO. 4516744 | DR NO. 1507-01050 |
|---|---|---|---|---|---|---|
| ITEM NO | QU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |

Subject: Jaisen C.
Parent (Mother): Maggie Conners
Suspect: David Tjarks

Source of Activity:
On December 6, 2015 at approximately 1140 Hours my partner Officer Acedillo Serial number 41485 and I, Officer Aride Serial number 39953, were working Wilshire patrol unit 7X52. We were in full uniform and driving a marked black/white police vehicle. We were assigned a radio call of a Child Abuse investigation at the 5857 Ernest Avenue in the City of Los Angeles. RD 0782, Incident # 151206001827.

Per comments of radio call read: "SUSPECT 'DAVID TJARKS' 40-50, 5'9, MED BUILD, PHYSICALLY ASSALTED PR'S SON 'JAISEN CONNERS' 3 YEARS OLD."

Investigation:
Upon our arrival to the location we were met by the PR (later identified as the Mother-Maggie Conners). Maggie stated that she is the biological mother of the subject Jaisen C. who is 3 years old. Maggie stated she used to be a prostitute years ago and while doing so she met a man named David Tjarks (later identified as the suspect). Maggie stated to Officers that David was her "pimp" and he would place her out on the streets working.

Maggie states David and her went to Long Beach Superior Court to fight for custody of her son. Maggie had stated to the Courts that David was not his biological Father and the courts ordered DNA testing. According to Maggie the results returned as David Tjarks not being the biological Father and showed a document to Officers stating that David Tjarks was not the biological father.

While the courts investigation was pending, David Tjarks would have partial custody of the subject. Maggie added that the courts were going to give full custody to her on December 2, 2015 but the suspect filed a Criminal Threats (422 P.C.) report, naming her as the suspect, and she was placed under arrest by Long Beach P.D. while at the courthouse.

Maggie stated while in jail, the suspect was in custody of the subject. Maggie called home, while in jail, and spoke to her son (subject). Maggie had learned that the suspect had dropped off her son there with subject's grandmother. Maggie stated the subject made a comment to her saying that he did not want to go with David (suspect) because David had hit him in the face and he was not having him. Subject also stated that he was not being fed but later stated to her that he would only eat pancakes in the morning and cereal at night.

Officers spoke with the subject who was able to answer some questions when asked. Officers asked subject what David did to him and subject replied, "David hit me here (pointing to his left cheek) and here (Pointing to right cheek)." Officers did not observe any visible injuries on the subject. Officers asked the subject if there were other times David hit him and he nodded his head up and down.

WILSHIRE DETS.    Fax 12134730453    Dec  8 2015 02:21am  P027/053

# CONTINUATION SHEET

Los Angeles Police Department

| PAGE NO. 3/3 | TYPE OF REPORT | Child Abuse | | | | BOOKING NO. 4518744 | DR NO. 1507-01050 |
|---|---|---|---|---|---|---|---|
| ITEM NO. | QU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |

**Investigation Continued:**
Officers also contacted the suspect via cell phone and he denied the whole incident stating that she fabricated the story because she wants to take custody of her son and "is trying to put a case on me (David)."

Officers made contact with RACR Division who connected us with Abused Child Unit (ACU) Detective Ortiz, Serial number 32793. Detective was notified of the incident and he advised to take custody of the subject and book for 300 (a) WIC/242 P.C. Battery Simple Assault.

Officers contacted DCFS (Department of Child Family Services) and obtained case #0110-1985-4936-3056358. Officer Acedillo spoke with DCFS worker Rickena Jones.

**Arrest:**
None

**Injuries/Medical Treatment:**
Officers did not observe any visible injuries on the subject nor did he complain of any injuries.

**Booking:**
Subject Jaisen C. was booked for 300 (a) WIC/242 P.C. Battery Simple Assault with approval from Lieutenant Barrist, Serial Number 33807, Wilshire Watch Commander.

**Photos, Recordings, Video, DICV and Digital Imaging:**
SID Photos took pictures of the subject at SID Latent Photo shop. Mr. Wong Serial number N3127 placed photos in envelope D#0527791.

**Evidence:**
None.

**Canvassing:**
None due to the possible crime not occurring at the location.

**Additional Information:**
Officers gave a business card to the mother.

Maggie showed a copy of Long Beach Courts file # NF012336.

DCFS worker Ann Rosato took custody of the child.

**Court Information:**
Officers can testify to the contents and statements made in this report.

DEC  08 2015 01:24    12134730453    PAGE  27

WILSHIRE DETS.　Fax 12134730459　Dec 8 2015 02:20am P024/053

## DISPOSITION OF ARREST AND COURT ACTION

| BOOKING NO. | U.C. | LOC BKD. | DR. LIC. NO. | STATE | | RELEASE DATE / JUV. DISP. DATE | |
|---|---|---|---|---|---|---|---|
| 4518744 | | 4273 | NONE | N | | | |

OR 150701050　LA

| ARRESTEE'S LAST NAME | FIRST | MIDDLE | SUP. |
|---|---|---|---|
| CONNERS | JAISEN | | |

ADDRESS 5857 ERNEST AVE
LOS ANGELES CA

REASON FOR RELEASE

☐ 849 B (3) PC
☐ 849 B (1) PC

| SEX | DESCENT | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE | AGE |
|---|---|---|---|---|---|---|---|
| M | B | BRO | GRY | 206 | 035 | 080812 | 03 |

BIRTHPLACE LOS ANGELE CA
LOS ANGELES US

☐ COMPL. REFUSES TO PROSECUTE
☐ ARRESTEE EXONERATED
☐ FURTHER INVESTIGATION
☐ ADMISS. EVID. INSUFF.
☐ ASCERT. EVID. INSUFF.

| DIVISION | DETAIL ARRESTING | DATE ARRESTED | TIME ARR. | TIME BKD. |
|---|---|---|---|---|
| 4201 | X | 120615 | 1345 | 1524 |

☐ RELEASE TO OTHER AGENCY:
☐ OTHER / JUV. DISP.

LOCATION OF ARREST 5857 ERNEST AV
BAIL NO BAIL
TOTAL BAIL NO BAIL
WARRANT NO. ☆

| TYP. | CHARGE & CODE | DEFINITION |
|---|---|---|
| D | 300(A)WI | CHILD ABUSE |

SOCIAL SECURITY NO.

REMARKS

### B. PROSECUTION INFORMATION

| DATE | REASON FOR REJECTION | | | | |
|---|---|---|---|---|---|
| | CHRG 1 | CHRG 2 | CHRG 3 | CHRG 4 | |

☐ 1203.2 PC - IN LIEU OF FILING
☐ REFILED - ORIGINAL CASE DISMISSED

ORIG. COURT JUD. DIST. NUMBER
ORIG. COURT CASE NUMBER

### C. COURT — LOWER COURT

| DATE FILED | L.C. JUD. DIST. NO. | FILE NO. | CONSOLIDATED FILE NO. | TYPE OF TRIAL ☐ COURT ☐ JURY |
|---|---|---|---|---|

| CHRG | FILE LEVEL I | M | F | FIRST PLEA NG | NG-I | FINAL PLEA G | NOLO | CONV | DISM | CERT JUV | ACQ | DISPO DATE | CHARGES SECTION / CODE / LITERAL | I | M | F | HTA/CERT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | | | |

### SUPERIOR COURT

TYPE OF FILING ☐ INFORMATION ☐ CERTIFICATION ☐ INDICTMENT
TYPE OF TRIAL ☐ JURY ☐ COURT ☐ TRANSCRIPT

| DATE FILED | S.C. JUD. DIST. NO. | FILE NO. | CONSOLIDATED FILE NO. |
|---|---|---|---|

| CHRG | FILE LEVEL M | F | FIRST PLEA NG | NG-I | FINAL PLEA G | NOLO | CONV | DISM | CERT JUV | ACQ | DISPO DATE | CHARGES SECTION / CODE / LITERAL | I | M | F | 17 PC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | | |

### D. SENTENCE INFORMATION

DATE OF SENTENCE　TRUE NAME

| CHRG | 17 PC | ISS | PROB | JAIL MOS. | DAYS | DAYS SUS. | FINE X | SUS. | RSTN X | DAYS | PAID | COMM. | SUS. | CONC X | CONS X | VOL WRK X | COST X | CYA X | TOTAL FIXED TERM YEARS | MONTHS | STAYED INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | | | | | | ☐ CONC ☐ CONS | |
| 3 | | | | | | | | | | | | | | | | | | | ☐ SUSPENDED | W / CASE NO. |
| 4 | | | | | | | | | | | | | | | | | | | | |

REMARKS

### E. PROCEEDINGS SUSPENDED
DATE

☐ LC / SC BENCH WARRANT ISSUED
☐ LC / SC DIVERSION
☐ LC / SC 1026 PC - NOT GLTY INSANE
☐ LC / SC 3050 WI - NARC. COMM.
☐ LC / SC 1368 / 1370 PC - FOUND MENTALLY INCOMPETENT - COMMITTED
☐ SC 3051 WI - NARC. COMM.
☐ SC 1203.03 PC - 90 DAY O.S.
☐ SC 707.2 WI - 90 DAY O.S.

DEC 08 2015 01:23

WILSHIRE DETS.　　Fax 12134730453　　Dec  8 2015 02:21am  P028/053

Los Angeles Police Department
## BOOKING APPROVAL

507- 010X

| SEE DISTRIBUTION AT BOTTOM FOR NUMBER OF COPIES REQUIRED. | DATE & TIME OF ARREST 12-06-2015 | 1:45 P.M. | TIME OF INSPECTION/INTERVIEW BY WATCH COMMANDER (LAPD MANUAL 4/216)　2:05 P.M. |
|---|---|---|---|

**ARRESTEE'S NAME (Last, First, Middle)**
Conners, Jaisen

| ARRESTING OFFICER(S) | SERIAL NO. (S) | | DIVISION | DETAIL |
|---|---|---|---|---|
| Acadillo/Aride | 41485/39953 | | Wilshire | 7X52-W4 |

**ACTION ADVISED:**

☑ Booking Charge　300A/WIC/242 PC Battery S/A
(As appears on AJIS Charge Table)

BASIC CHARGE:　$　　0

☐ Additional charges _____

ADD'L CHARGES:　$ _____

☐ Advise arrestee of immediate cash bailout right (if two or fewer warrants for parking offense or traffic infraction)

ENHANCEMENTS:　$ _____

☐ Release without booking　☐ Phone call made　☐ Phone calls refused by arrestee

TOTAL BAIL　$ _____

1. EVIDENCE TO BE BOOKED  2. SUGGESTIONS FOR CONTENTS OF REPORTS.  3. VISITATION RESTRICTION

2.) 300 WIC/child abuse Absentee booking for juvenile

RESPONSIBLE INVEST. UNIT
7X52-W4

| PAROLE/PROBATION AGENT: | PHONE NO. | TIME TELEPHONIC HOLD PLACED |
|---|---|---|

**REASON FOR SEARCH:**

☐ Offense involves a controlled substance

☐ Articulable and reasonable suspicion that the arrestee is concealing contraband or weapons, regardless of the offense. (Explain reasonable suspicion). _____

**TYPE OF SEARCH AUTHORIZED:**

☐ STRIP　　☐ PHYSICAL BODY CAVITY*

☐ VISUAL BODY CAVITY　*Note: Search warrant required.  WARRANT NO. _____

OBTAIN THIS AUTHORIZATION PRIOR TO SEARCH

WATCH COMMANDER APPROVING SEARCH (signature) SERIAL NO

| DATE & TIME OF SEARCH | LOCATION SEARCH CONDUCTED | SEARCHING EMPLOYEE | SERIAL NO. | DIVISION | SEX |
|---|---|---|---|---|---|

RESULTS OF SEARCH (List items and locations removed from):

| ADVISING INVESTIGATIVE SUPERVISOR (signature)　☑ Telephonic Advice  DET ORTIZ | SERIAL NO. 32793 | DIVISION ACU | RAP SHEET REVIEWED? YES ☐ NO ☑ |
|---|---|---|---|
| WATCH COMMANDER APPROVING BOOKING (signature) | SERIAL NO. 26587 | DIVISION Wilshire | RAP SHEET REVIEWED? YES ☐ NO ☑ |

MISDEMEANOR ARRESTS: Circle reason for booking below.

CONDITIONS FOR NON-ELIGIBILITY FOR RELEASE

1. The person arrested is so intoxicated that he or she could be a danger to himself or herself or others.
2. The person arrested requires medical examination or medical care or is otherwise unable to care for his or her own safety.
3. The person is arrested for one or more of the offenses listed in Section 40302 or 40303 of the Vehicle Code. (EXCEPTION - DUI ARRESTEES MAY BE RELEASED AFTER BOOKING, IF OTHERWISE ELIGIBLE.)
4. There are one or more outstanding felony arrest warrants for the person.
5. The person has one or more outstanding misdemeanor arrest warrants ineligible for release under Section 827.1 of the Penal Code (Manual Section 4/216.67).
6. The person cannot provide satisfactory evidence of personal identification.
7. The prosecution of the offense or offenses for which the person is arrested or the prosecution of any other offense or offenses would be jeopardized by immediate release of the person arrested.
8. There is a reasonable likelihood that the offense or offenses will continue or resume, or that the safety of persons or property will be imminently endangered by release of the person arrested.
9. The person arrested demands to be taken before a magistrate or refused to sign the notice to appear.
10. There is reason to believe that the person arrested would not appear at the time/place specified in the notice.

| OFFICER MAKING O.R. DETERMINATION　☐ YES ☐ NO | MISD. WARRANT NO. | OR REASON NO. |
|---|---|---|

1.31.00 (11/10)　DISTRIBUTION:　ORIGINAL - ATTACH TO THE ORIGINAL ARREST REPORT; OR TO DFAR IF NO ARREST REPORT OR BKG
COPY - 1 - ATTACH TO JAIL CUSTODY RECORD IF BOOKED; 1 - ATTACH TO DIV. COPY OF ARREST

12134730453　　PAGE 28

WILSHIRE DETS.                    Fax 12134730453              Dec  8 2015 02:21am  P025/053

## INVESTIGATOR'S FINAL REPORT

| BOOKING NO | U.O. | LOC. BKD. | | OR. UC. NO. | STATE | MT |
|---|---|---|---|---|---|---|
| 4518744 | | 4273 | | NONE | | N |

OR 150701050        LA

| ARRESTEE'S LAST NAME | | FIRST | | MIDDLE | SUF. |
|---|---|---|---|---|---|
| CONNERS | | JAISEN | | | |

B                                        CII

| ADDRESS | | | | APT NO. |
|---|---|---|---|---|
| 5857 | ERNEST AVE | | | |

MAIN                FBI

| CITY | | | | STATE |
|---|---|---|---|---|
| LOS ANGELES | | | | CA |

CDC #                PROBATION #

| SEX | DESCENT | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE | AGE |
|---|---|---|---|---|---|---|---|
| M | B | BRO | GRY | 206 | 035 | 080812 | 03 |

C

| VEHICLE LIC. NO. | STATE | R.D. | AKA: LAST-FIRST- |
|---|---|---|---|
| | | 0782 | OR NICKNAME |

| BIRTHPLACE | PROB. INV. UNIT | JUV. DETAINED AT | AD. CHG. |
|---|---|---|---|
| LOS ANGELE CA | 87 | DCFS | N |
| LOS ANGELES  US | | | |

| DIVISION | DETAIL ARRESTING | DATE ARRESTED | TIME ARR. | TIME BKG. |
|---|---|---|---|---|
| 4207 | X | 120615 | 1345 | 1524 |

| LOCATION OF ARREST | BAIL |
|---|---|
| 5857  ERNEST  AV | NO BAIL |
| | TOTAL BAIL  NO BAIL |

WARRANT NO. ☆

| TYP. | CHARGE & CODE | DEFINITION |
|---|---|---|
| D | 300(A)WI | CHILD ABUSE |

ADDITIONAL CHARGES (ON ADDL. WARRS. LIST NO., COURT, AND BAIL, INCL. P.A.)

SOCIAL SECURITY NO.
UNK

| ARRAIGN. DATE | TIME | COURT | LOCATION CRIME COMMITTED |
|---|---|---|---|
| | | | SAA |

R.D. SAME    RESIDENCE PHONE NO. 323-2373244

EMPLOYER / SCHOOL  NONE

| OCCUPATION / GRADE  NONE | PHY. ODD.  NV |
|---|---|

CLOTHING WORN
GRY/WHISHT

EXACT LOCATION / DISPOSITION ARRESTEE'S VEHICLE
PED

IN CASE OF EMERGENCY, NOTIFY
NO ONE

CODE:  S - SPOUSE    P - PARENT    C - CHILD:    B - BROTHER    T - SISTER    R - OTHER RELATIVE    F - FRIEND    A - ACCOMPLICE    G - COMMON LAW SPOUSE

NOTE IF ADDITIONAL SPACE IS NEEDED, INFORMATION SHOULD BE LISTED AT THE BEGINNING OF SECTION G.

| | NAME (LIST RELATIVES & ASSOCIATES) | DOB | RESIDENCE ADDRESS | PHONE (or LA # or BKG. # of A) | BUSINESS (NAME OR ADDRESS) |
|---|---|---|---|---|---|
| P | CONNERS  MAGGIE | 12/29/89 | 5857 ERNEST Ave | — | — |

ADDITIONAL OCCUPATIONS                UNION AND LOCAL NO.

PREVIOUS JOBS AND EMPLOYERS            CHECKS CASHED AT

BANK ACCOUNTS (NAME & LOCATION) / MAJOR CREDIT CARDS    UNEMPLOYMENT OFFICE / COUNTY AID / AFDC / SOCIAL WORKER - Name & Phone #

SCHOOLS ATTENDED            NAME & ADDRESS OF SCHOOL CHILDREN CURRENTLY ATTEND

PREVIOUS ADDRESS (INCLUDE OTHER CITIES)        BARBER OR BEAUTY SHOP

CLUBS, ORGANIZATIONS, HOBBIES            HANGOUTS

ARRESTEE'S VEHICLE  (YEAR, MAKE, MODEL, TYPE, COLOR-TOP & BOTTOM, LICENSE NO, & STATE-IF DIFFERENT FROM ABOVE, ID MARKS)    UPDATED AKA / MONIKER INFO.

(ON PENDING PRIOR CASE)    (REQUIRED INFO.)

| CURRENTLY ON | | | | | | |
|---|---|---|---|---|---|---|
| ☐ PAROLE | ☐ PROBATION (FOR FEL.) | ☐ PROBATION (FOR MISD.) | ☐ PRISON PASS (2690 PC) | ☐ BAIL | ☐ WRIT  ☐ O.R. | ☐ CJIS/SRF CHECKED |

PAROLE OR PROBATION OFFICER'S NAME & TELEPHONE NO.        TIME SERVED    OFFENSE    LOCATION TIME SERVED

BAIL-WRIT INFO: BONDSMAN / PERSON POSTING BAIL / TELEPHONE NO.

☆ EXPLAIN ACTION TAKEN

COMPLAINT FILED - CHARGES AND COUNTS, WARRANT OR COMPLAINT NOS.

DIVISION    DATE OF REPORT

☆ INVESTIGATING / RELEASING OFFICER'S (NAME & SERIAL NOS.)

☆ RELEASE / TRANSPORT AUTHORITY  AUTHORIZATION RECEIVED BY (JAILER SIGN / SERIAL NO.)    ☆ VERIFICATION: T/T RECEIVED BY: (NAME / SERIAL NO.)

| ☐ TRANSPORT   ☐ RELEASE | | |
|---|---|---|
| ☆ SUPERVISOR REVIEWING | SERIAL NO. | ☆ DETAINED AT |

☆ DATE / TIME AUTHORIZATION RECEIVED

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

MAGGIE CONNERS

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

DAVID TJARKS, DAVID PRICE, KRISTA HAYENS, MARIA RODRIGUEZ, DCFS, COUNTY OF LOS ANGELES

**(b)** County of Residence of First Listed Plaintiff    LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    LOS ANGELES
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
TITLE 18 U.S.C. 242 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW, TITLE 42 1983 CIVIL RIGHTS VIOLATION, AND TITLE 18 U.S.C. 241 CONSPIRACY AGAINST RIGHTS.

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**

☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**

☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpratice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**

☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**

☒ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty

**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**

☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV16-07748

**FOR OFFICE USE ONLY:**    Case Number: _____

CV-71 (07/16)    CIVIL COVER SHEET    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☒ No | | ☒ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☐ No | | ☒ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes   ☒ No | ☐ Yes   ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | CENTRAL  ▼ |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes   ☐ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**     ☒ NO     ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**

☒ NO     ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**        DATE: 10/18/2016

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |